PER CURIAM.
This is an appeal from a judgment entered pursuant to a jury verdict against appellants for false arrest and imprisonment. We affirm.
Initially, we reject appellants’ claim that the verdict was so excessive as to require a new trial. We believe the evidence sufficient to support the verdict, and appellants have cited no other grounds to justify our interference with the judgment of the jury and the trial court.
We also reject appellants’ claim that section 396.072(8), Florida Statutes (1981), grants them absolute immunity from actions for false arrest or false imprisonment. In the trial court the appellants alleged as an affirmative defense that section 396.072(8) granted them a qualified immunity when they acted in good faith pursuant to the provisions of section 396.-072 to take an apparently intoxicated person into custody and otherwise follow the procedures of the statute. That defense was considered and rejected by the jury. On appeal the appellants claim that they are immune from liability regardless of their good faith as long as they assert that they were acting pursuant to section 396.-072 in taking a person into custody. We cannot agree. In our view section 396.-072(8), as part of an overall statutory scheme decriminalizing public intoxication, merely affords the police the proper authority to take someone into custody, since the police are no longer acting under their arrest powers. Since a proper seizure under the statute is no longer an arrest, as it once was when intoxication was treated as a crime, the police are immunized from claims, when they act properly in accord with the statute, of false arrest or imprisonment. We feel this issue was properly treated by the trial court.
Accordingly, the judgment of the trial court is affirmed.
ANSTEAD, C.J., DOWNEY, J., and RODGERS, EDWARD, Associate Judge, concur.